(561 P.2d 885)
No. 48,352

JOHN W. PARTON, *Appellee,* v. THE CITY OF TOPEKA, *Appellant.*

Opinion filed February 25, 1977.

*Raymond A. Bloxsom,* of Topeka, for the appellant.

*Robert D. Hecht,* of Scott, Quinlan and Hecht, of Topeka, for the appellee.

HARMAN, C.J.: This is a proceeding involving termination of a police officer's employment. The trial court held the officer's discharge by a civil service commission was unlawful and the city has appealed.

Despite several violations by appellant's counsel of the rules relating to appellate practice in the preparation of his brief and the record on appeal, which appellee urges as grounds for dismissal of the appeal, we proceed directly to the merits of the case with this admonition: These rules are designed to aid in a just and expeditious disposition of an appeal; counsel is requested to heed them.

The proceeding was initiated on January 23, 1976, when the Topeka chief of police suspended appellee John W. Parton as a Topeka police officer and filed a complaint and hearing request

with the police and fire department civil service commission of the city of Topeka alleging that Parton should be dismissed from his employment because he had committed multiple offenses of adultery. The basis for termination was, and has been throughout this entire proceeding, that the conduct complained of was in violation of city code section 2b-235, which provided:

"Employees who willfully violate City Personnel Rules and/or Departmental Regulations may be suspended without pay for not to exceed fifteen (15) calendar days for any given offense; *provided, however,* no person shall be suspended until he first has been given a reprimand in writing warning him that continuation or repetition of the offense will result in suspension or discharge; provided, further, that certain offenses, including, but not limited to, drinking on the job, assault, willful refusal to obey an order or offenses of a like nature shall be cause for immediate suspension and filing of charges before the Civil Service Commission."

On February 11, 1976, the commission denied Parton's motion to dismiss, ruling that adultery came within the purview of city code section 2b-235 as an offense of a like nature to those specified therein. Apparently on the same day the commission issued a second order terminating him on the basis of a violation of that ordinance by reason of the alleged acts of adultery. This order, which is not contained in the record on appeal in this court, was appealed by Parton to the district court.

There Parton requested that the district court determine certain questions of law in advance of trial, including these:

"2. Is Section 2b-235 of the City Code of the City of Topeka a valid and enforceable ordinance, and in particular:

"a. Does it permit termination of a police officer for the reasons alleged herein?

"b. Does the phraseology such as 'offenses of a like nature' render the ordinance vague, uncertain and unenforceable?

"c. Can the acts alleged against this officer constitute such an offense under Section 2b-235 as to constitute grounds for immediate suspension in filing the charges and be defined as an offense of a like nature to those itemized thereon, to-wit: drinking on the job, assault or willful refusal to obey an order?"

The district court conducted a hearing upon the request and thereafter ruled that section 2b-235 of the city code was so vague, indefinite, and uncertain as not to inform a citizen with reasonable precision as to what acts it intended to prohibit; that the phrase "or offenses of like nature" was not sufficient reasonably to apprise the officer that the acts alleged to have been committed by him were prohibited; that Parton could not be discharged from

his employment with the Topeka police department; that he was entitled to all benefits lost as a result of his suspension; and further

". . . that Section 2b-235 of the City Code of the City of Topeka insofar as it pertains to these proceedings is so vague, indefinite and uncertain as to be unenforceable as against John W. Parton for the acts alleged against him."

Appellant argues several points upon appeal. We shall examine them although the record on appeal does not indicate that appellant presented all to the trial court as should have been the case in order to make them reviewable here. First appellant says the trial court exceeded its authority in setting aside appellee's dismissal. The basis for this contention is the assertion that the trial court never considered the commission's dismissal order. This would not affect the scope of judicial review, which is well established and was stated in *Olathe Hospital Foundation, Inc. v. Extendicare, Inc.*, 217 Kan. 546, 539 P. 2d 1, thus:

"A district court may not, on appeal, substitute its judgment for that of an administrative tribunal, but is restricted to considering whether, as a matter of law, (1) the tribunal acted fraudulently, arbitrarily or capriciously, (2) the administrative order is substantially supported by evidence, and (3) the tribunal's action was within the scope of its authority." (Syl. paragraph 3.)

The trial court ruled in effect that the commission had acted unlawfully in applying city code section 2b-235 as it did. That ruling was within the court's authority.

Next appellant asserts the trial court erred in making any ruling prior to receiving and considering a complete transcript of the proceedings before the commission. The court's ruling was one solely of law (validity of the ordinance under which appellant was proceeding as applied to the misconduct alleged against appellee) and the propriety of the review did not depend upon consideration of any particular evidence before the commission. The record before the trial court was sufficient for it to determine controlling questions of law. Similarly for his third and fourth points appellant asserts the trial court should have had before it evidence which was heard by the commission that appellee had knowledge that prior disciplinary action had been taken against another officer for similar conduct and that this should have been taken into account in determining whether adultery fell within the category of "offenses of a like nature" under ordinance 2b-235. Assuming that appellant's facts are true, although the

record on appeal is deficient of any showing that they were, and appellee denies them, the court made its determination from the language of the ordinance and the allegation of misconduct against appellee. Like a penal statute, a regulatory ordinance must be clear, definite and certain, so that the average person should be able with due care, after reading it, to understand and ascertain whether he will incur a penalty for particular acts or courses of conduct. If he cannot reach such a determination from examination of an ordinance, it is void for uncertainty (56 Am. Jur. 2d, Municipal Corporations, Etc., § 367). Resort to the type of extrinsic evidence urged by appellant here would have been improper in view of the particular procedure which appellant chose for terminating appellee's employment. This is not to say dismissal might not have been accomplished by proceedings under another ordinance or law.

By way of summation we may note that the trial court's order did not declare the ordinance in question invalid in its entirety but only as it was sought to be applied with respect to the particular misconduct charged against appellee. What the court did was to apply the familiar doctrine of *ejusdem generis*, explained in *Trego WaKeeney State Bank v. Maier*, 214 Kan. 169, 519 P. 2d 743, as follows:

"The rule of *ejusdem generis* is a well known maxim of construction to aid in ascertaining the meaning of a statute or other written instrument which is ambiguous. Under the maxim, where enumeration of specific things is followed by a more general word or phrase, such general word or phrase is held to refer to things of the same kind, or things that fall within the classification of the specific terms." (Syl. paragraph 4.)

It needs little or no exposition to demonstrate that the trial court was correct. The specific offenses named in the ordinance were drinking on the job, assault and wilful refusal to obey an order— types of misconduct relating to an officer's discharge of his official duties. Obviously adultery does not belong in the category, and in fact appellant has not challenged the propriety of the order in this respect.

The burden is on appellant to demonstrate error in the trial court's ruling. This has not been done.

The judgment is affirmed.